996 F.2d 319
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Juan CRESPO, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 93-3052.
 United States Court of Appeals, Federal Circuit.
 April 19, 1993.
 
 Before ARCHER, MICHEL and RADER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Juan Crespo petitions for review of the June 30, 1992 Initial Decision of the Administrative Judge (AJ) in Docket No. AT0752910248-B-1, sustaining the action of the United States Postal Service (Postal Service) removing Crespo from his position. The Initial Decision became the final decision of the Merit Systems Protection Board when it denied review on October 19, 1992. We affirm.
 
 DISCUSSION
 
 2
 In a letter dated November 29, 1990, the Postal Service notified Crespo that it intended to remove him from his position of Manager of Employment and Training, based on a charge of "failure to meet the requirements of your position due to conversion of funds to personal use." In a decision letter dated January 4, 1991, the Postal Service notified Crespo that he was removed, effective January 9, 1991.
 
 
 3
 Specifically, the Postal Service concluded that Crespo had forged the endorsement of the payee on the back of a check for $488.78 that was payable to a former Postal Service employee for his terminal leave, that Crespo's palm print was on the check, and that Crespo had converted the funds from the check to his personal use. Crespo appealed to the board. On May 17, 1991, the AJ issued an initial decision sanctioning the Postal Service for failure to comply with her order, ruling that certain evidence be excluded, and reversing Crespo's removal. On February 26, 1992, the board vacated the initial decision and remanded the case. On June 30, 1992, the AJ affirmed the agency's removal decision. The board denied Crespo's petition for review on October 19, 1992. Crespo petitioned this court for review.
 
 
 4
 We review the board's decision to determine whether substantial evidence supports a finding that Crespo converted the funds to his personal use. Substantial evidence is such relevant evidence as might be accepted by a reasonable mind as adequate to support the finding on review. Ellermets v. Department of the Army, 916 F.2d 702, 705 (Fed.Cir.1990). Furthermore, an AJ's credibility determinations are virtually unreviewable. Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986).
 
 
 5
 Here, the AJ found that Crespo had converted the funds from the check to his personal use. The AJ based this finding on the combination of Crespo's presence in the credit union on the date that the check was cashed there, his transaction with the same credit union teller that cashed the check, and the appearance of Crespo's prints on the check. Specifically, the AJ noted that Crespo had not sufficiently explained why a print from his "writer's palm" was on the back of the check. The AJ also considered the similarity of Crespo's handwriting to the endorsements. We conclude that the AJ's findings are supported by substantial evidence.
 
 
 6
 Upon this record, we conclude that the board's decision is not (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988). Accordingly, we must affirm the board's decision upholding the removal of Crespo from his position with the Postal Service.